UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DUANE H. GARVAIS,

  Plaintiff,

  v.

UNITED STATES OF AMERICA,

  Defendant.

NO. CV-03-00290-JLQ

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, AND ALLOWING PLAINTIFF TO FILE A SUR-REPLY RE: SUMMARY JUDGMENT MOTION**

**A. Introduction**

  Plaintiff Duane Garvais filed this lawsuit on August 12, 2003. Ct. Rec. 1. The original Complaint alleged multiple causes of action against the Spokane Tribe and three Bureau of Indian Affairs (BIA) police officers. *Id.* The United States was later named as a Defendant in Plaintiff's Second Amended Complaint. Ct. Rec. 70. After three amended complaints and a number of court orders on dispositive motions, there are only two remaining claims: "false imprisonment" and "malicious prosecution." These two claims are asserted against the only remaining Defendant, the United States.

  On June 12, 2009, Defendant filed a Motion to Dismiss or, in the alternative for Summary Judgment, pursuant to Rules 12(b)(1), 12(b)(6), and 56(b) of the Federal Rules of Civil Procedure. Ct. Rec. 176. Defendant's motion rests solely on the argument that the court lacs subject matter jurisdiction under the Federal Tort Claims Act. On July 2, 2009, Plaintiff filed a Memorandum of Authorities in Opposition to Defendant's Motion. Ct. Rec. 188. Defendant subsequently filed a Reply to Plaintiff's Opposition, which raised new arguments alleging a lack of sufficient evidence to support Plaintiff's claims and injected

ORDER - 1

new evidentiary materials. Ct. Recs. 198, 199, 200. Plaintiff has not had an opportunity to respond to the new argument and evidence put forth in Defendant's Reply. Accordingly, the court will **RESERVE** judgment on Defendant's alternative Motion For Summary Judgment pursuant to 56(b). *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("We agree with the Seventh Circuit, which held that '[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.' "). Plaintiff shall have until **August 10, 2009** to file a Surreply brief with the court, addressing these new arguments. However, the court finds that Plaintiff has had an adequate opportunity to respond to Defendant's arguments regarding the Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1).

**B. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

   *1. Motion to Dismiss Standard*

In reviewing a 12(b)(1) motion to dismiss attacking the existence of subject matter jurisdiction as a matter of law, the allegations in a plaintiff's complaint are taken as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). This is distinguished from a 12(b)(1) motion asserting that the allegations on which jurisdiction depends are not true as a matter of fact, in which there is no presumption of truth to plaintiff's allegations and the court may resolve factual disputes. *Thornhill Pub. Co. v. GTE*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted). In such case, the moving party may "submit affidavits or any other evidence properly before the court" to attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency. *Assoc' of Am. Med. Coll. v. United States,* 217 F.3d 770, 778 (9th Cir. 2000). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id.* Where "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard

applicable to a motion for summary judgment . . ." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). Under this standard, the motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation omitted). Because "federal courts are courts of limited jurisdiction . . . [i]t is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kekkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

*2. Analysis*

The Federal Tort Claims Act (FTCA) waives the United States' sovereign immunity for claims arising out of torts committed by federal employees, so long as the employee was "acting within the scope of his office or employment." 28 U.S.C. § 1346(b). However, the FTCA exempts from this sovereign immunity waiver certain categories of claims. *See Id.* at §§ 2680(a)-(n). Relevant here is the exception in subsection (h), which provides that sovereign immunity shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Id.* at § 2680(h). The subsection goes on to provide an exception to the exception, stating that a cause of action exists for such claims if they involve "acts or omissions of investigative or law enforcement officers of the United States Government." *Id.* The statute defines an "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

As pointed out by this court in its June 2007 Order on the United States' previously filed Motion to Dismiss, Plaintiff's Third Amended Complaint (his "last bite at the apple") did not expressly plead an FTCA claim. Ct. Rec. 127 at 13-15. However, the court determined the Plaintiff's mention of the FTCA was sufficient to have impliedly pled

ORDER - 3

plausible claims of false imprisonment and malicious prosecution against the United States. *Id.* Though a precise factual basis was not explicitly pleaded, the court noted that the Plaintiff had alleged in the Complaint that Defendants had pressured tribal prosecutors into filing a wrongful criminal complaint in tribal court, which resulted in his arrest and subsequent prosecution.

The United States has now moved for dismissal arguing that the court lacks subject matter jurisdiction over the claims of false imprisonment and malicious prosecution because the only factual basis for such claim were the acts of tribal police officers and the tribal prosecutor, who do not qualify as federal employees for purposes of the FTCA. In response to the motion, Plaintiff concedes that any claim based upon the conduct of the tribal officials could not proceed against the United States. Instead, Plaintiff argues that the United States has misconstrued the factual basis of his claim. Plaintiff argues his claims against the United States are based upon the conduct of the investigating BIA officer, Officer Little. There is no dispute that Officer Little qualifies as an "investigative or law enforcement officer[] of the United States" for purposes of 28 U.S.C § 2680(h). Accordingly, the court **DENIES** the United States' Motion to Dismiss based upon lack of subject matter jurisdiction.

**IT IS SO ORDERED.** The Clerk of this court shall enter this Order **DENYING IN PART** and **RESERVING IN PART** Defendant's Motion to Dismiss (Ct. Rec. 176) and furnish copies to counsel. Plaintiff shall have until **August 10, 2009** to file a Surreply brief addressing the new arguments raised in Defendant's Reply (Ct. Rec. 198). This Surreply brief shall be no more than ten (10) pages in length.

The Clerk shall enter this Order and furnish copies to counsel.

DATED this 1st day of August, 2009.

> s/ Justin L. Quackenbush
> JUSTIN L. QUACKENBUSH
> SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4